J-S17007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MIKEAL CAMP, | |
| Appellant | No. 769 EDA 2018 |

Appeal from the PCRA Order Entered March 5, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0001842-2015
CP-51-CR-0008687-2015
CP-51-CR-0012249-2014

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 3, 2019**

Appellant, Mikeal Camp, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts underlying Appellant's convictions are not germane to this appeal.  The PCRA court provided the relevant procedural history of this case as follows:

> On December 16, 2014, [Appellant] entered into a negotiated guilty plea before this [c]ourt to [p]ossession with [i]ntent to [d]eliver ("PWID") (CP-51-CR-0012249-2014). Sentencing was deferred for possible consolidation with [Appellant]'s other open matters.  On September 28, 2016, [Appellant] entered into a negotiated guilty plea to [a]ttempted [m]urder and related charges [(CP-51-CR-0001842-2015)] before the Honorable Mia Perez.  Pursuant to the terms of [Appellant]'s

plea, Judge Perez imposed a sentence of ten (10) to twenty five (25) years of confinement, followed by ten (10) years of probation for [a]ttempted [m]urder, ten (10) years of probation for [c]onspiracy to [c]omit [a]ggravated [a]ssault, and ten (10) years of probation for [p]ossession of a [f]irearm [p]rohibited. Judge Perez subsequently relinquished jurisdiction to Judge Means. On October 5, 2016, [Appellant] entered into a negotiated guilty plea before this [c]ourt to [p]ossessing [c]ontraband (CP-51-CR-0008687-2015). On that same date, this [c]ourt sentenced Petitioner to a period of five (5) to ten (10) years of confinement for PWID and one (1) to two (2) years of confinement for [p]ossessing [c]ontraband. As per the terms of [Appellant]'s negotiated pleas, this [c]ourt ordered these sentence[s] to run concurrently to the sentence imposed by Judge Perez.

PCRA Court Opinion (PCO), 5/29/18, at 1-2.

All of Appellant's sentences are running concurrent to his sentence for attempted murder; thus, Appellant's aggregate sentence is 10-25 years' incarceration, followed by 10 years' probation. Appellant did not file a direct appeal from the judgment of sentence.

On March 1, 2017, Appellant timely filed a *pro se* PCRA petition ("the Petition"). The PCRA court appointed John Cotter, Esq., to represent him. Attorney Cotter filed a **Turner/Finley**[1] no-merit letter on June 2, 2017. On June 5, 2017, the PCRA court issued notice of its intent to dismiss the Petition without a hearing pursuant to Pa.R.Crim.P. 907. On that same day, Appellant filed objections to Attorney Cotter's no-merit letter and the court's Rule 907

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

notice. Subsequently, on July 12, 2017, Attorney Cotter filed a motion to be relieved as counsel, indicating that Appellant wanted to proceed *pro se*. Consequently, the PCRA court held a **Grazier**[2] hearing on October 16, 2017, at which the court permitted Appellant to proceed *pro se*, **see** N.T., 10/16/17, at 5-7, and allowed Attorney Cotter to withdraw his appearance, *id.* at 8. The court also instructed Appellant to file any amendments to the Petition on or before December 18, 2017. **Id.** at 8-9. Appellant acknowledged that he understood. **Id.** at 9-10. However, he did not file any amendments to the Petition. On December 18, 2017, the PCRA court held another hearing, and gave Appellant another 60 days to file amendments to the Petition; however, he again did not seek to amend the Petition. The PCRA court ultimately denied the Petition on March 5, 2018.

Appellant filed a timely, *pro se* notice of appeal from the denial of the Petition.[3] The PCRA court did not order Appellant to file a statement pursuant to Pa.R.A.P. 1925(b). The court issued its Rule 1925(a) opinion on May 29, 2018.

---

[2] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[3] In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court recognized that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." **Id.** at 977. The Court, however, determined that the failure to file separate notices of appeal would result in quashal only for appeals filed after the date of that decision, *i.e.*, June 1, 2018. **Id.** The instant appeal was filed well before that date and, therefore, we decline to quash the instant appeal.

Appellant now presents the following questions for our review:

1. Whether the [PCRA c]ourt erred in dismissing [the Petition] under the guise that there was [no] legal merit to the allegations within?

2. Was [Appellant] prejudiced by the [PCRA c]ourt when the … [c]ourt failed to hold an evidentiary hearing, based on [Appellant]'s allegations of layered [i]neffective [a]ssist[a]nce of [c]ounsel?

3. Whether [t]rial/[d]efense [c]ounsel was ineffective for failing to investigate/meet, and afford [Appellant] the option to proceed to trial?

4. Whether [Appellant] suffer[ed] prejudice/[b]ias[] when [his] [c]ounsel violated [his Sixth Amendment right]?

5. Whether the Sentencing Court posse[sse]d [j]urisdiction, at the time of sentencing, by deferring sentence [n]inety (90) days after [Appellant] entered [his] guilty plea?

6. Whether [Appellant's] Pa.[R.Crim.P.] 600 [s]peedy [t]rial right was violated?

Appellant's Brief at 6-7.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

- 4 -

As several of Appellant's claims concern the ineffective assistance of counsel, we note that:

> We begin with the presumption that counsel rendered effective assistance. To obtain relief on a claim of ineffective assistance of counsel, a petitioner must rebut that presumption and demonstrate that counsel's performance was deficient, and that such performance prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In our Commonwealth, we have rearticulated the ***Strickland*** Court's performance and prejudice inquiry as a three-prong test. Specifically, a petitioner must show: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. ***Commonwealth v. Pierce***, 515 Pa. 153, 158–59, 527 A.2d 973, 975 (1987).

***Commonwealth v. Dennis***, 17 A.3d 297, 301 (Pa. 2011) (some internal citations omitted).

After careful review, we conclude that Appellant's brief 1) does not comply with the Rules of Appellate Procedure; 2) does not present any meaningful, developed arguments for our consideration; and that 3) any discernable issues contained therein have been waived, rendered moot, and/or are meritless.

Appellant presents six questions for our review; however, the argument section of his brief, composed of 2½ pages in its entirety, is divided into only 4 sections, and none of those sections provide a heading that would indicate the matter being discussed. ***See*** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have

- 5 -

at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.").

In the first section of his argument, Appellant complains that his PCRA counsel was ineffective for failing to notify the PCRA court of Appellant's intent to proceed *pro se*. Appellant baldly asserts counsel's actions prejudiced him; however, he provides no analysis or citations to relevant authorities, or even to the record, in support of this claim. Moreover, Appellant did not include this issue in his statement of the questions involved. **See** Pa.R.A.P. 2116(a) ("The statement of the questions involved must state concisely the issues to be resolved...."). In any event, this claim is belied by the record, as Attorney Cotter filed the motion that prompted the October 16, 2017 **Grazier** hearing, at which time the PCRA court permitted Appellant to proceed *pro se*. **See** N.T., 10/16/17, at 5-7. Accordingly, we conclude this claim is waived,[4] meritless, and/or moot.

In the second section of his argument, Appellant contends that the PCRA court erred "by depending on" Attorney Cotter's **Turner/Finley** letter "to determine whether Appellant's [t]rial [c]ounsel was ineffective by abandoning Appellant, and sandbagging [him]." Appellant's Brief at 10. If Appellant

---

[4] **See Commonwealth v. Spotz**, 18 A.3d 244, 323 (Pa. 2011) (holding that the appellant's undeveloped claim was unreviewable and, therefore, waived).

intended to raise this claim in the statement of the questions involved, it is not apparent to this Court. *See* Pa.R.A.P. 2116(a), *supra*. Even assuming that he did, this issue is undeveloped. Although Appellant cites two cases in support of this claim, his analysis of those cases as they relate to the instant matter is scant. Appellant baldly asserts that his trial attorney abandoned him by "failing to properly meet, and prepare" with him. Appellant fails to identify, with any detail sufficient to permit meaningful review, what 'proper' actions his trial counsel failed to take, but should have taken, prior to Appellant's plea.

In any event, even if we were to reach the merits of this claim, we conclude that Appellant is not entitled to relief. In its Rule 1925(a) opinion, the PCRA court did not *rely* on Attorney Cotter's *Turner/Finley* no-merit letter. Rather, the court merely indicated that the Attorney Cotter "properly note[d]" in the no-merit letter some of the reasons why Appellant was not entitled to relief, before the court discussed those reasons. PCO at 3-4. In denying relief on Appellant's ineffectiveness claim, the court substantially relied on Appellant's failure to indicate, in any fashion whatsoever, dissatisfaction with counsel's performance during his guilty plea colloquy. We would ascertain no abuse of discretion in this regard were we to reach the merits of this claim.

In his third issue, Appellant appears to assert that the trial court lacked jurisdiction to sentence him because it exceeded the ninety-day time limit between his conviction and sentencing set by Pa.R.Crim.P. 704(a)(1). However, Appellant's sole citation in his argument is to *Commonwealth v.*

**Wolfe**, 140 A.3d (Pa. 2016). **Wolfe** is clearly off-point, as it does not even mention Rule 704.[5] In fact, Appellant cites to no relevant authority construing Rule 704 as jurisdictional in nature. In any event, it is well established that a "defendant sentenced in violation of Rule 704 … is entitled to a discharge only where the defendant can demonstrate that the delay in sentencing prejudiced him or her." **Commonwealth v. Null**, 186 A.3d 424, 433 (Pa. Super. 2018) (cleaned up). Instantly, Appellant has made no effort to argue how he was prejudiced by the alleged violation of Rule 704(a). Accordingly, he has failed to develop this claim in a manner that provides for meaningful review.

In the fourth section of Appellant's argument, he asserts that his trial counsel was ineffective for failing to request a psychiatric evaluation. Again, Appellant fails to develop this claim in any meaningful manner, as he has failed to argue, much less demonstrate, how he was prejudiced by counsel's failure in this regard. He does not direct this Court's attention to any evidence in the record indicating that he suffers from any mental infirmity, nor to any evidence in the record indicating that trial counsel should have been aware of such an infirmity prior to his guilty plea. Accordingly, this claim is waived.

Order **affirmed**.

_____

[5] In **Wolfe**, our Supreme Court held that the mandatory minimum sentencing statute for involuntary deviate sexual intercourse, 42 Pa.C.S. § 9718, is unconstitutional under **Alleyne v. U.S.**, 570 U.S. 99 (2013).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/3/19