J. S44039/19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRYAN PATRICK GALVIN, | : | No. 446 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered March 11, 2019,
in the Court of Common Pleas of Elk County
Criminal Division at No. CP-24-CR-0000203-2018

BEFORE:  SHOGAN, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          FILED APRIL 29, 2020

Bryan Patrick Galvin appeals from the March 11, 2019 judgment of sentence entered in the Court of Common Pleas of Elk County after a jury convicted him of criminal mischief.[1]  Appellant was sentenced to one year of probation, fined $1,000, and ordered to pay $667 in restitution.  Elk County Public Defender Gary A. Knaresboro, Esq. ("counsel"), filed an Anders brief[2] and a petition to withdraw,[3] both alleging that this appeal is frivolous.  We

---

[1] 18 Pa.C.S.A. § 3304(a)(1).

[2] Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009); Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981).

[3] We note that counsel's petition to withdraw is attached as an exhibit to the Anders brief.

deny counsel's petition to withdraw and affirm that part of appellant's judgment of sentence that imposed one year of probation and vacate that part of appellant's sentence that imposed a $1,000 fine and that part of the judgment of sentence that ordered appellant to pay $667 in restitution.

As this panel previously stated:

> The record reflects that on January 8, 2019, a jury found appellant guilty of criminal mischief stemming from damage appellant caused to a large screen television appellant's girlfriend rented from Aaron's Rental. Appellant did not present any oral or written motions prior to the trial court's imposing a sentence of one year of probation and ordering appellant to pay a $1,000 fine and $667 in restitution. Appellant did not file any post-sentence motions. Appellant filed a timely notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court subsequently filed its Rule 1925(a) opinion.

Commonwealth v. Galvin, No. 446 WDA 2019, unpublished memorandum at 2 (Pa.Super. filed November 21, 2019).

Counsel filed an initial petition to withdraw and an Anders brief, alleging that appellant's appeal was frivolous. This panel denied counsel's petition to withdraw and remanded the case to the trial court to "supplement the certified record . . . to include the sentencing hearing transcript, the PSI report, and any other pre-sentencing material [it] relied on when imposing the $1,000 fine[,] as well as a complete copy of the criminal docket sheet[.]" (Id. at 6.) See Commonwealth v. Ford, 217 A.3d 824, 829 (Pa. 2019) (holding "the plain language of [Section 9726(c) of the Sentencing Code] is clear: trial

courts are without authority to impose non-mandatory fines absent record evidence that the defendant is or will be able to pay them."). Despite the scope of the remand order, the trial court held a hearing on December 22, 2019, concerning appellant's ability to pay the $1,000 fine. (See notes of testimony, 12/22/19.) Following the hearing, the trial court entered an order vacating that portion of appellant's sentence that ordered him to pay the $1,000 fine. (Trial court order, 12/23/19.)

It is well settled that following remand, a trial court must strictly comply with this court's mandate. See Commonwealth v. Null, 186 A.3d 424, 429 (Pa.Super. 2018); see also Gocek v. Gocek, 612 A.2d 1004, 1009 n.7 (Pa.Super. 1992) (stating "on remand, the scope of inquiry should not exceed the perimeters set forth herein"). Here, the scope of the remand order was limited to supplementing the certified record with the sentencing hearing transcript and all materials that the trial court relied on at the time it imposed the $1,000 fine. Therefore, the trial court lacked authority to conduct a remand hearing concerning appellant's ability to pay the $1,000, and it lacked authority to enter an order vacating that part of appellant's sentence that imposed the $1,000 fine. "[W]here a court enters an order without authority or legal right to make such an order, it is powerless to attempt its enforcement." Null, 186 A.3d at 429 (citation omitted).

We note that the trial court did comply with that part of our remand order that directed it to supplement the record with the sentencing hearing

transcript. Our review of the transcript reveals that the trial court failed to conduct an inquiry as to appellant's ability to pay the $1,000 fine in violation of Ford, supra. Therefore, we vacate that part of the sentencing order that imposed the $1,000 fine.

We must now address counsel's second petition to withdraw and the accompanying Anders brief.

"When presented with an Anders brief, this [c]ourt may not review the merits of the underlying issues without first passing on the request to withdraw." Commonwealth v. Daniels, 999 A.2d 590, 593 (Pa.Super. 2010) (citation omitted). In order to withdraw pursuant to Anders, "counsel must file a brief that meets the requirements established by our [s]upreme [c]ourt in Commonwealth v. Santiago, 978 A.2d 349, 361 (Pa. 2009)." Commonwealth v. Harden, 103 A.3d 107, 110 (Pa.Super. 2014) (parallel citation omitted). Specifically, counsel's Anders brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Id. (citation omitted).

Pursuant to Commonwealth v. Millisock, 873 A.2d 748 (Pa.Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the Anders brief to his client." Commonwealth v. Orellana, 86 A.3d 877, 880 (Pa.Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the Anders brief." Id. "Once counsel has satisfied the above requirements, it is then this [c]ourt's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." Commonwealth v. Goodwin, 928 A.2d 287, 291 (Pa.Super. 2007) (en banc) (citation and internal quotation marks omitted).

Here, counsel satisfied the technical requirements of Anders and Santiago.[4] In his Anders brief, counsel identified the pertinent factual and procedural history and cited to the record. Counsel raises one claim that could arguably support an appeal, but ultimately concludes that the appeal is frivolous. Counsel has also attached to his petition a letter to appellant that

---

[4] We note that counsel failed to attach a copy of the trial court's Rule 1925(a) opinion to his Anders brief pursuant to Pennsylvania Rule of Appellate Procedure 2111(a)(10). A copy of the Rule 1925(a) opinion, however, is part of the certified record.

meets the notice requirements of Millisock. Appellant has not filed a response to counsel's letter, the Anders brief, or the petition to withdraw. Accordingly, we proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

In his Anders brief, counsel raises the following issue on appellant's behalf: "Whether the weight of the evidence presented at trial was sufficient to sustain a conviction[?]" (Second Anders brief at vi (full capitalization omitted).)

> [A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; Commonwealth v. Priest, 18 A.3d 1235, 1239 (Pa.Super. 2011). Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion. Commonwealth v. Sherwood, [] 982 A.2d 483, 494 ([Pa.] 2009).

Commonwealth v. Griffin, 65 A.3d 932, 938 (Pa.Super. 2013) (quotation marks omitted), appeal denied, 76 A.3d 538 (Pa. 2013).

Here, the record demonstrates that appellant failed to raise his weight claim by presenting an oral or written motion prior to sentencing or by filing a post-sentence motion. Therefore, appellant has waived his weight claim. See Griffin, 65 A.3d at 938. Nonetheless, whenever the issue is raised in the context of Anders, we will consider this issue to determine its merit. Commonwealth v. Hernandez, 783 A.2d 784, 787 (Pa.Super. 2001) (holding that Anders requires review of issues otherwise waived on appeal).

This court's standard of review when presented with a weight claim is distinct from that applied by the trial court in reviewing the claim.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the [trial] court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Commonwealth v. Horne, 89 A.3d 277, 285 (Pa.Super. 2014), citing Commonwealth v. Widmer, 744 A.2d 745, 753 (Pa. 2000), appeal denied, 102 A.3d 984 (Pa. 2014). The trial court abuses its discretion "where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." Horne, 89 A.3d at 285-286 (citation omitted). In order for an appellant to prevail on a weight of the evidence claim, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." See Commonwealth v. Sullivan, 820 A.2d 795, 806 (Pa.Super. 2003) (citation and internal quotation marks omitted), appeal denied, 833 A.2d 143 (Pa. 2003).

Here, the trial court, in addressing appellant's weight claim, stated, "[appellant's] challenge goes directly to his credibility, which is the sole province of the jury." (Trial court opinion, 5/14/19 at unnumbered page 2.) The trial court explained,

> It was within the province of the jury as fact-finder to resolve all issues of credibility, resolve conflicts in evidence, make reasonable inferences from the evidence, believe all, none, or some of the evidence, and ultimately adjudge appellant guilty. [The trial c]ourt cannot conclude that the jury's verdict was so contrary to the weight of the evidence to shock one's sense of justice.

Id. at unnumbered pages 5-6 (quotation marks and citation omitted). We discern no abuse of discretion in the trial court's assessment of appellant's weight claim.

Our independent review of the entire record, however, reveals one meritorious issue; specifically, at the time of sentencing, the trial court failed to specify the method of restitution on the record in violation of 18 Pa.C.S.A. § 1106(c)(2). Section 1106(c)(2) requires that "at the time of sentencing" the trial court "shall specify the amount and method of restitution." The method of restitution ordered may be in "a lump sum, by monthly installments or according to such other schedule" the trial court "deems just." Id. at § 1106(c)(2)(ii). Here, the record reflects that at the sentencing hearing, the trial court ordered appellant to pay restitution in the

amount of $667, but failed to specify any method of payment.[5] (Notes of testimony, 3/11/19 at 7.) Therefore, the restitution portion of appellant's sentence is illegal, and we vacate that portion of appellant's judgment of sentence that ordered restitution. See Commonwealth v. Muhammed, 219 A.3d 1207, 1212-1213 (Pa.Super. 2019).

We deny counsel's petition to withdraw and vacate that portion of appellant's judgment of sentence that ordered appellant to pay a $1,000 fine and that part of his judgment of sentence that ordered appellant to pay $667 in restitution.[6]

Judgment of sentence affirmed in part and vacated in part. Petition to withdraw denied. Jurisdiction relinquished.

---

[5] We note that the trial court's sentencing order was entered on the docket on March 13, 2019. In that sentencing order, the trial court ordered that restitution shall be paid "by monthly installment or such other method as determined by the Elk County Probation Department." (Sentencing order, 3/13/19.) Notwithstanding the trial court's failure to specify the amount of the monthly installment or its alternative method of permitting the probation department to determine how appellant will pay restitution, the order does not excuse the Section 1106(c)(2) violation because the statute required the trial court to specify the amount and method of restitution "at the time of sentencing." See Section 1106(c)(2) (emphasis added).

[6] We note that it is well settled that the legality of a sentence may, and should, be raised sua sponte by this court. Commonwealth v. Randal, 837 A.2d 1211, 1214 (Pa.Super. 2003). Where a sentence is illegal, it must be vacated. Id. Therefore, our correction of appellant's illegal sentence would make a remand for an advocate's brief unnecessary, even though the petition to withdraw is denied.

J. S44039/19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2020