J-A21033-17

2017 PA Super 85

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CLIFFORD NULL | |
| Appellant | No. 1775 WDA 2016 |

Appeal from the Judgment of Sentence imposed November 3, 2016
In the Court of Common Pleas of Jefferson County
Criminal Division at No: CP-33-SA-0000015-2014

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KURT D. MITCHELL | |
| Appellant | No. 1776 WDA 2016 |

Appeal from the Judgment of Sentence imposed October 19, 2016
In the Court of Common Pleas of Jefferson County
Criminal Division at No: CP-33-SA-0000015-2014

BEFORE:  BENDER, P.J.E., OLSON, and STABILE, JJ.

OPINION BY STABILE, J.:                                    **FILED APRIL 13, 2018**

Appellants Clifford Null and Kurt D. Mitchell, Null's attorney, appeal their sentences for contempt imposed during summary offense proceedings in the Court of Common Pleas of Jefferson County.  By prior order of this Court dated May 8, 2017, we consolidated these appeals.  We vacate Appellants' contempt

convictions and remand for determination of whether the fines imposed by the trial court in Null's summary offense proceedings are excessive.

This matter has an unusual history. On April 29, 2013, a building inspector for McCalmont Township filed two private criminal complaints alleging that Null violated the Construction Code Act ("CCA"), 35 P.S. § 7210.101 *et seq.*,[1] by disregarding orders to stop construction work on his porch and garage without proper permits. A magisterial district judge approved the private criminal complaints and found Null guilty on both complaints on March 12, 2014.

Null appealed both convictions *de novo* to the Court of Common Pleas ("the trial court"), and attorney Mitchell represented Null at trial before the Honorable John Foradora. In an order entered on November 18, 2014, Judge Foradora found Null guilty and imposed an escalating fine at each docket as follows: $1.00 per day from April 29, 2013 to June 11, 2013, for a total of $44.00; $10.00 per day from June 12, 2013 to January 6, 2014, for a total of $2,090.00; $100.00 per day from January 7, 2014 to March 12, 2014, for a total of $6,500.00; $500.00 per day from March 13, 2014 to November 17, 2014, for a total of $125,000.00; and $1,000.00 per day from November 18,

---

[1] The purpose of the CCA is to "establish uniform and modern construction standards throughout the Commonwealth." ***Flanders v. Ford City Borough***, 986 A.2d 964, 969 (Pa. Cmwlth. 2009). The Act required municipalities to adopt the Uniform Construction Code ("Code") and provided that the Code preempts any construction standards in local ordinances that differ from those in the Code. ***Id.*** Violation of the Act constitutes a summary offense for which the maximum penalty is $1,000.00 for each day the violation continues. 35 P.S. § 7210.903(a).

2014 until Null submitted a permit application. The fine for each conviction totaled $133,634.00, and the aggregate fine totaled $267,268.00.

Null appealed to this Court. In a memorandum issued on December 30, 2015, this Court vacated the judgment of sentence and remanded for reconsideration of whether the fine was too severe. ***Commonwealth v. Null***, No. 2054 WDA 2014, at 13 (Pa. Super. filed Dec. 30, 2015) ("***Null I***"). This Court emphasized that the trial court "did not address whether the escalating fine of $267,268.00 was reasonably proportionate to the crimes which occasion them." ***Id.*** We also noted that the CCA does not authorize "open-ended fines" that continue to mount after the date of trial. ***Id.*** at 13 n.13.

On remand, instead of reconsidering the amount of the fine, Judge Foradora entered an order on February 8, 2016 directing the parties to mediate the amount of the fine before the Honorable Francis Fornelli. "If the parties are unable to agree to a fine," the order concluded, "this matter shall be set for hearing on the appropriate fine on May 31, 2016 . . ." Order, 2/8/16, at 1.

On February 12, 2016, Null filed a notice purporting to withdraw his appeal from magisterial district court to the Court of Common Pleas under Pa.R.Cr.P. 462(E). On February 19, 2016, Judge Foradora entered an order denying Null's notice to withdraw his appeal.

On April 5, 2016, Null, through Mitchell, filed motions to recuse Judge Foradora and to continue the mediation. The following day, Judge Foradora denied both motions. On April 18, 2016, Null, through Mitchell, filed a motion

to vacate the order directing mediation, arguing that the referral of a criminal matter to mediation violated Null's constitutional rights under the Fifth and Sixth Amendments, was not authorized under the Rules of Criminal Procedure, and was an improper delegation of judicial power. The following day, Judge Foradora denied this motion.

On April 21, 2016, Null appeared for mediation proceedings, but Mitchell did not attend. After a full day off the record, Judge Fornelli entered an order stating that the parties consented to "settle," and that Null agreed to pay $40,000.00 to McCalmont Township within thirty days. On the same date, Judge Fornelli entered an order directing Mitchell to appear in court on May 9, 2016 and show cause why he should not be held in contempt for failing to attend the mediation.

On May 9, 2016, Mitchell did not appear at the show cause hearing. Judge Fornelli thereupon issued an order directing Mitchell to appear for another show cause hearing on June 7, 2016 and directed that this contempt hearing could be held *in absentia* if Mitchell failed to appear. Mitchell filed a motion to vacate the show cause order, which Judge Fornelli denied. Subsequently, Judge Fornelli recused himself.

On August 25, 2016, Judge Foradora requested the Supreme Court to temporarily assign a judge to "try all proceedings in Commonwealth v. Clifford Null commencing 8/29/16." Request For Assignment Of Judge, 8/25/16, at 1. On August 30, 2016, the Supreme Court, per Chief Justice Saylor, assigned the Honorable Timothy Creany to this case. *Id.*

On October 19, 2016, following a hearing, Judge Creany issued a decision holding Mitchell in contempt and fining him $1,000.00.

On November 3, 2016, the trial court convened a hearing to determine whether Null was in contempt for failing to make payments on his fine. Judge Foradora presided over the hearing. Mitchell appeared on behalf of Null and objected to Judge Foradora's presence based on the Supreme Court's order appointing Judge Creany to "try all proceedings." N.T., 11/3/16, at 3. Judge Foradora overruled this objection, stating: "Let me amend that to say it was to try your contempt." *Id.* The purpose of his request to the Supreme Court, Judge Foradora claimed, was only to recuse himself from trying Mitchell's contempt, not from presiding over Null's case. *Id.*

At the conclusion of the hearing, Judge Foradora held Null in contempt and ordered him taken into custody. Within the next 24 hours, Null paid the balance of the fine.

On November 8, 2016, both Null and Mitchell appealed to this Court from the contempt orders against them. They later filed timely Rule 1925(b) statements of errors complained of on appeal. Judge Foradora issued a Rule 1925(a) opinion addressing the issues in Null's Rule 1925(b) statement, and Judge Creany issued an "order" incorporating by reference his October 19, 2017 opinion and order.

Null and Mitchell raise the following issues in their appeals, which we have re-ordered for the sake of convenience:

1. Did the trial court err by holding Mr. Null in contempt of an order that was void *ab initio*?

2. Did the trial court err by holding [that] Pa.R.Cr.P. 570 authorized the order compelling Mr. Null to mediation?

3. Did the trial court err by continuing to exercise jurisdiction after Mr. Null withdrew his summary appeal?

4. Did the trial court err by failing to discharge Mr. Null after he was not sentenced ninety (90) days after the [S]uperior [C]ourt['s] remand [order]?

5. Did the trial court err by continuing to preside over the matter after disqualifying [itself] on August 25, 2016?

6. Did the trial court by its actions *de facto* recognize Mr. Mitchell's withdraw[al] from the matter?

Appellants' Brief at 7.

We address the first two issues together, because they both address the same issue: whether the contempt orders against Mitchell and Null are void because the trial court lacked the authority to order Null to mediation.

It is well-settled that following remand, the trial court below must comply strictly with this Court's mandate and has no power to modify, alter, amend, set aside, or in any measure disturb or depart from this Court's decision as to any matter decided on appeal. *See Commonwealth v. Tick, Inc.*, 246 A.2d 424, 426 (Pa. 1968) (citation omitted); *Agostinelli v. Edwards*, 98 A.3d 695, 706 (Pa. Super. 2014) (citations omitted). In Null's appeal at 2054 WDA 2014, this Court's mandate directed "remand [of] this matter to the [trial] court to consider whether the fine was excessive, to decide whether additional evidence is necessary, and to enter a new order."

- 6 -

***Null I***, No. at 22. Our mandate said nothing about referring the case to mediation. To do so was error.

Because the trial court lacked authority to order mediation, it also lacked the authority to hold Mitchell in contempt for failing to attend mediation or hold Null in contempt for failing to comply with the order arising from mediation proceedings. As we said over forty years ago:

> In those instances where a court enters an order without authority or legal right to make such an order, it is powerless to attempt its enforcement . . . The disregarding of an order in excess of the court's authority does not give rise to contemptuous conduct by the parties involved.

***Roviello v. Roviello***, 323 A.2d 766, 773 (Pa. Super. 1974) (citation omitted).

Further, we disagree with the Commonwealth that Pa.R.Cr.P. 570(a)(6) authorized the trial court to direct the parties to attend mediation in an appeal from a summary conviction in magisterial district court. Rule 570 provides in relevant part:

> At any time **after the filing of an information**, upon motion, or upon its own motion, the court may order the attorney for the Commonwealth and the defense attorney or the *pro se* defendant to appear before it for a conference in open court . . . to consider:
>
> (1)   the terms and procedures for pretrial discovery and inspection;
>
> (2)   the simplification or stipulation of factual issues, including admissibility of evidence;
>
> (3)   the qualification of exhibits as evidence to avoid unnecessary delay;
>
> (4)   the number of witnesses who are to give testimony of a cumulative nature;

- 7 -

(5)    the defenses of alibi and insanity, as to which appropriate rulings may be made; and

(6)    **such other matters as may aid in the disposition of the proceeding**.

Pa.R.Cr.P. 570 (emphasis added).  Rule 570(a)(6) only applies "after the filing of an information."  There was no information filed in this case, because it was an appeal of a summary conviction from magisterial district court.  Thus, by its own terms, Rule 570(a)(6) did not entitle the trial court to order this case to mediation.[2]

We also disagree with the Commonwealth's argument that Null's appeal of his contempt conviction is moot because he purged himself of his contempt by paying the balance of his fine instead of posting it as collateral pending the outcome of this appeal.  Since the trial court lacked the authority to hold Null in contempt for conduct arising out of the mediation proceedings, his payment of monies did not preclude him from appealing to this Court.  Further proceedings on remand will determine whether Null is entitled to return of some, all or none of these monies.

---

[2] Even when an information is filed, we question whether Rule 570(a)(6) authorizes the trial court to order mediation, but resolving this question is beyond the scope of this appeal.

Accordingly, we vacate the trial court's orders (1) directing the parties to attend mediation, (2) directing Null to pay a $40,000.00 fine,[3] (3) holding Mitchell in contempt for failing to attend mediation, and (4) holding Null in contempt for failing to pay this fine, as all are unenforceable.[4]

Having vacated this series of orders, we now address Null's remaining arguments, in which he requests various forms of relief on remand. First, Null argues that no further proceedings concerning the amount of his fine should take place due to Null's withdrawal of his appeal to the trial court on February 12, 2016. Null claims that Pa.R.Cr.P. 462(e) entitled him to withdraw his appeal subsequent to trial *de novo* in the court of common pleas, which had the effect of reinstating the fine imposed by the magisterial district judge. We disagree.

Rule 462 provides:

(A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

(B) The attorney for the Commonwealth may appear and assume charge of the prosecution. When the violation of an ordinance of a municipality is charged, an attorney representing that

---

[3] We take no view on whether the amount of this fine is excessive.

[4] Mitchell also argued that his contempt order was erroneous because Null fired him before the court-ordered mediation began. We need not address this issue because we have vacated Mitchell's contempt order for other reasons. Of course, in any further proceedings, Null has the right to proceed either with counsel of his choice or *pro se*.

municipality, with the consent of the attorney for the Commonwealth, may appear and assume charge of the prosecution. When no attorney appears on behalf of the Commonwealth, the affiant may be permitted to ask questions of any witness who testifies.

(C) In appeals from summary proceedings arising under the Vehicle Code or local traffic ordinances, other than parking offenses, the law enforcement officer who observed the alleged offense must appear and testify. The failure of a law enforcement officer to appear and testify shall result in the dismissal of the charges unless:

(1) the defendant waives the presence of the law enforcement officer in open court on the record;

(2) the defendant waives the presence of the law enforcement officer by filing a written waiver signed by the defendant and defense counsel, or the defendant if proceeding pro se, with the clerk of courts; or

(3) the trial judge determines that good cause exists for the law enforcement officer's unavailability and grants a continuance.

(D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

(E) **If the defendant withdraws the appeal**, the trial judge shall enter judgment in the court of common pleas on the judgment of the issuing authority.

(F) The verdict and sentence, if any, shall be announced in open court immediately upon the conclusion of the trial, or, in cases in which the defendant may be sentenced to intermediate punishment, the trial judge may delay the proceedings pending confirmation of the defendant's eligibility for intermediate punishment.

(G) At the time of sentencing, the trial judge shall:

(1) if the defendant's sentence includes restitution, a fine, or costs, state:

(a) the amount of the fine and the obligation to pay costs;

(b) the amount of restitution ordered, including

(i) the identity of the payee(s),

(ii) to whom the restitution payment shall be made, and

(iii) whether any restitution has been paid and in what amount; and

(c) the date on which payment is due.

If the defendant is without the financial means to pay the amount in a single remittance, the trial judge may provide for installment payments and shall state the date on which each installment is due;

(2) advise the defendant of the right to appeal to the Superior Court within 30 days of the imposition of sentence, and that, if an appeal is filed, the execution of sentence will be stayed and the trial judge may set bail;

(3) if a sentence of imprisonment has been imposed, direct the defendant to appear for the execution of sentence on a date certain unless the defendant files a notice of appeal within the 30-day period; and

(4) issue a written order imposing sentence, signed by the trial judge. The order shall include the information specified in paragraphs (G)(1) through (G)(3), and a copy of the order shall be given to the defendant.

(H) After sentence is imposed by the trial judge, the case shall remain in the court of common pleas for the execution of sentence, including the collection of any fine and restitution, and for the collection of any costs.

*Id.* (emphasis added).

We construe Rule 462 in accordance with the general principles of construction articulated in Pa.R.Cr.P. 101, which provides:

> (A) These rules are intended to provide for the just determination of every criminal proceeding.
>
> (B) These rules shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay.
>
> (C) To the extent practicable, **these rules shall be construed in consonance with the rules of statutory construction**.

***Id.*** (emphasis added).

Several rules of statutory construction are pertinent to our analysis. First, when a rule does not define a term, we must give the term its ordinary meaning. ***See Commonwealth v. Fant***, 146 A.3d 1254, 1260 (Pa. 2016) (citation omitted). But at the same time,

> [w]e must read a section of a statute in conjunction with other sections, construing them always with reference to the entire statute . . . By the same token, we cannot arrive at the meaning of a word, even the "ordinary" meaning, without considering the surrounding words and provisions. ***See*** 1 Pa.C.S.A § 1903; ***Horosko v. Sch. Dist. of Mount Pleasant Twp.***, [] 6 A.2d 866, 869 ([Pa.] 1939) (explaining that a statutory term's "common and approved usage" must be construed "having regard, of course, [for] the context in which the legislature used [it]"). Indeed, "a statute cannot be dissected into individual words, each one being thrown onto the anvil of dialectics to be hammered into a meaning which has no association with the words from which it has violently been separated." ***Bertera's Hopewell Foodland, Inc. v. Masters***, [] 236 A.2d 197, 204 ([Pa.] 1967) *overruled on other grounds by* ***Goodman v. Kennedy***, [] 329 A.2d 224 ([Pa.] 1974); ***accord Dolan v. U.S. Postal Service***, 546 U.S. 481, 486–87, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006) (noting that "'[a] word is known by the company it keeps'—a rule that 'is often wisely applied where a word is capable of many meanings in order to avoid the giving of unintended [legislative] breadth'").

*Id.* at 1260-61. Last but not least is another well-known principle of statutory construction: the presumption that results which are "absurd, impossible of execution, or unreasonable" are not intended. 1 Pa.C.S.A. § 1922(1).

In short, we read words in accordance with their ordinary meaning, taking into account their overall context and avoiding unreasonable or absurd constructions.

With these principles in mind, we turn to Null's argument: Rule 462(e)'s phrase, "if the defendant withdraws the appeal," gives him the right to withdraw his appeal from a summary conviction in magisterial district court at any time he chooses, even after sentencing in the court of common pleas. Rule 462 provides a detailed framework of the trial *de novo* process following appeals from magisterial district court. As one might expect, the eight sections of this rule are sequential, beginning with the appeal from a guilty plea or conviction in magisterial district court, then continuing with pretrial procedures, and concluding with the verdict and sentencing procedures. The phrase "if the defendant withdraws the appeal" occurs mid-rule in subsection (e), **ahead of and separate from** the subsections relating to the verdict and sentencing. This placement of "if the defendant withdraws his appeal," viewed in context with "surrounding words and provisions," *Fant*, 146 A.3d at 1260, indicates that the right to withdraw an appeal exists prior to, but not during or after, trial *de novo*.

Even more importantly, Null's construction of subsection (e), under which he could withdraw his appeal after sentencing, or even after remand from this Court, would lead to an absurd result. Under this regime, Null could force the Commonwealth and trial court to prosecute and try him, respectively, in a *de novo* trial but then unilaterally withdraw his appeal if he disliked the result of trial. We doubt that our Supreme Court intended to allow defendants to waste the Commonwealth's and trial court's precious resources in this manner. Trial *de novo* is literally a new trial whose result replaces the judgment of the magisterial district court. Rule 462(e) permits the defendant to withdraw his appeal up to the moment trial *de novo* begins, but once the court of common pleas begins to hear evidence, this right expires. **See Commonwealth v. Martin**, 97 A.3d 363, 365 (Pa. Super. 2014) (in bench trial, trial begins when trial court begins to hear evidence).[5]

For these reasons, we reject Null's argument that he has the right to withdraw his appeal and reinstate the fine imposed by the magisterial district judge.

In his next argument, Null asserts that his case should be discharged because the trial court failed to sentence him within ninety days after determination of guilt in violation of Pa.R.Cr.P. 704. We disagree.

_____

[5] There is no right to a jury trial in an appeal of one or more summary convictions. **See Commonwealth v. McMullen**, 961 A.2d 842, 847 (Pa. Super. 2008).

- 14 -

Rule 704 provides that "sentence in a court case shall ordinarily be imposed within 90 days of conviction." Pa.R.Cr.P. 704(A). In a summary appeal, "sentence shall be imposed immediately following a determination of guilt at a trial de novo in the court of common pleas." Pa.R.Cr.P. 704(A)(3). "[A] defendant sentenced in violation of [Rule 704]," however, "is entitled to a discharge only where the defendant can demonstrate that the delay in sentencing prejudiced him or her." ***Commonwealth v. Anders***, 725 A.2d 170, 173 (1999).

Null argues that since this Court remanded Null's case on December 30, 2015 for further hearings on the proper amount of his fine, the trial court had the duty to resentence Null by March 30, 2016. Thus, Null contends, the April 21, 2016 order requiring Null to pay a $40,000.00 fine was "void *ab initio*." Appellants' Brief at 44. Null claims that he suffered prejudice in the form of "fear . . . [of] the looming threat of a financial death sentence for violation of a summary offense." ***Id.*** at 46. To begin with, the failure to hold a new sentencing hearing within ninety days after remand did not automatically require discharge of Null's case. Discharge is appropriate only when a delay of more than ninety days prejudices the defendant. ***Anders, supra.*** In this case, Null has not demonstrated that the delay in excess of ninety days prevented him from presenting witnesses or evidence relating to the proper amount of his fine. Accordingly, Null's argument fails.

Finally, Null contends that Judge Foradora erred by refusing to recuse himself from Null's contempt proceedings, and that a new jurist must preside over any further hearings. We agree. As stated above, Judge Foradora requested the Supreme Court to assign a judge to "try all proceedings in Commonwealth v. Clifford Null commencing 8/29/16," and the Supreme Court responded by assigning Judge Creany to this case. Request For Assignment Of Judge, 8/25/16, at 1. Nevertheless, at Null's contempt hearing, Judge Foradora refused to recuse himself, claiming that the Supreme Court's order only related to Mitchell's contempt hearing. Null is correct that the plain language of Judge Foradora's request was for another judge to try "all" proceedings in Null's case, not just Mitchell's contempt hearing. Therefore, the Supreme Court's order granting Judge Foradora's request precluded Judge Foradora from presiding over any further proceedings in this case.

Judgments of sentence for contempt against Null and Mitchell vacated. Case remanded for further proceedings before new jurist to determine whether additional evidence is necessary, whether fine imposed on November 18, 2014 is excessive, and for entry of new order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2018