J-S41032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RIVERSIDE MANAGEMENT GROUP, LLC AND FRED ONORATO AND EDWINA ONORATO, H/W | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : | |
| | : | No. 3407 EDA 2017 |
| HOWARD A. FINKELMAN, ESQUIRE AND BOCK AND FINKELMAN, P.C. | : : : | |

Appeal from the Judgment Entered October 13, 2017
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  2012-08630

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

CONCURRING MEMORANDUM BY OLSON, J.:    **FILED DECEMBER 17, 2018**

I agree with the learned Majority that the trial court correctly granted Howard A. Finkelman, Esquire ("Finkelman"), and Bock and Finkelman, P.C. ("the Firm" and, together with Finkelman, "Appellees'") motion for judgment on the pleadings with respect to all claims purportedly brought by Riverside Management Group, LLC ("Riverside").  I also agree that the trial court properly granted Appellees' motion for judgment on the pleadings with respect to Fred Onorato and Edwina Onorato ("the Onoratos'") breach of fiduciary duty claim against Finkelman.[1]  I write separately to explain why I reach those

_____

[1] Appellees filed a single motion for judgment on the pleadings; however, the Onoratos only asserted a breach of fiduciary duty claim against Finkelman.

_____
*   Former Justice specially assigned to the Superior Court.

conclusions for different reasons than the Majority and to clarify that I believe that the certified record we are permitted to consider is insufficient to review the trial court's decision to grant Appellees' motion for judgment on the pleadings with respect to the Onoratos' legal malpractice claim. Accordingly, I concur only in the judgment.

Preliminarily, the Majority fails to address Appellees' argument that this appeal should be quashed pursuant to Pennsylvania Rule of Appellate Procedure 2101, which provides that:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

I agree with Appellees' averment that Riverside's and the Onoratos' reproduced record fails to comply with the relevant rules of appellate procedure. I believe, however, that we should exercise our discretion and not quash or dismiss the appeal. I would caution Appellants' counsel to comply with the Pennsylvania Rules of Appellate Procedure in all respects.

Turning to the merits of this appeal, I agree with the trial court's decision to grant Appellees' motion for judgment on the pleadings with respect to claims purportedly brought by Riverside. The amended complaint defines "Plaintiffs" as "Frederick P. and Edwina Onorato." Amended Complaint, 10/7/13, at 1. Thereafter, the amended complaint asserts only claims on

behalf of "Plaintiffs" against Appellees. *See generally id.* As Riverside was not included in the definition of "Plaintiffs," the amended complaint did not assert any claims against Appellees. Hence, the trial court properly granted Appellees' motion for judgment on the pleadings with respect to the purported claims brought by Riverside.

Second, I agree with the trial court's decision to grant Finkelman's motion for judgment on the pleadings on the Onoratos' claim for breach of fiduciary duty. The elements of a breach of fiduciary claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) that the defendant (a) negligently or intentionally failed to act in good faith and solely for the benefit of the plaintiff in all matters for which he or she was employed and/or (b) negligently or intentionally failed to use reasonable care in carrying out his or her duties; (3) that the plaintiff suffered injury; and (4) that the defendant's failure (a) to act solely for the plaintiff's benefit and/or (b) to use the skill and knowledge demanded of him or her by law was a real factor in bringing about the plaintiff's injuries. *See* Pa.S.S.J.I. (Civ.) § 6.210 (2015); *see also Conquest v. WMC Mortgage Corp.*, 247 F.Supp.3d 618, 633 (E.D. Pa. 2017) (citation omitted); *Snitow v. Snitow*, 2016 WL 6916537, *9 (C.C.P. Philadelphia 2016), *aff'd*, 181 A.3d 1262 (Pa. Super. 2017) (unpublished memorandum) (citation omitted).

The Onoratos argue that they pled the requisite facts for purposes of establishing the second element of the tort by alleging that

> Finkelman breached the fiduciary duty of loyalty he owed [the Onoratos] by placing his own professional and pecuniary interests above the duty of loyalty, honesty and fidelity that he owed [the Onoratos] in failing to disclose his conflict of interest through his representation of Phelan and his authorization of the misuse of the Riverside/Penn Business Credit loan proceeds.

Amended Complaint, 10/7/13, at 12. Another averment in the amended complaint, however, completely refutes this assertion. Specifically, the Onoratos admitted that "Section 11(g) of the Release provides that [] Finkelman was representing Phelan, Collins, Rose, and [the Onoratos]." *Id.* at 5 (emphasis removed). Hence, the pleadings unambiguously confirm that Finkelman disclosed his relationship and did not breach his fiduciary duty in this respect. Accordingly, the trial court properly granted Finkelman's motion for judgment on the pleadings with respect to the Onoratos' breach of fiduciary duty claim.

Finally, I believe that the certified record we may consider on appeal is insufficient to review the trial court's decision to grant Appellees' motion for judgment on the pleadings with respect to the Onoratos' legal malpractice claims. At the argument on the motion for judgment on the pleadings, the Onoratos made stipulations of fact relating to their legal malpractice claim. These stipulations went beyond those stipulations entered into between the parties at the time Appellees moved for judgment on the pleadings. Without consideration of these stipulations entered into between the Onoratos and Appellees, it is impossible to determine whether the trial court properly

- 4 -

granted Appellees' motion for judgment on the pleadings for the reasons articulated by the trial court, or if we could affirm on a different basis.

In its opinion, the trial court notes that no transcript of the argument held on July 13, 2017 existed. Trial Court Opinion, 1/16/18, at 20. In their brief, Appellees also note this deficiency and contend that the certified record is insufficient for us to decide the questions presented because of certain stipulations the Onoratos made at that hearing. *See* Appellees' Brief at 44. Approximately three weeks after Appellees filed their brief, the transcript was filed in the trial court. The Delaware County Office of Judicial Support transmitted a supplemental certified record to this Court that included the transcript. Hence, I turn to whether we may consider the transcript or must disregard it.

Pennsylvania Rule of Appellate Procedure 1926(b) provides that:

If anything material to a party is omitted from the record by **error, breakdown in processes of the court, or accident** or is misstated therein, the omission or misstatement may be corrected by the following means:

(1) by the trial court or the appellate court upon application or on its own initiative at any time; in the event of correction or modification by the trial court, that court shall direct that a supplemental record be certified and transmitted if necessary; or

(2) by the parties by stipulation filed in the trial court, in which case, if the trial court clerk has already certified the record, the parties shall file in the appellate court a copy of any stipulation filed pursuant to this rule, and the trial court clerk shall certify and transmit as a supplemental record the materials described in the stipulation.

Pa.R.A.P. 1926(b) (emphasis added).

Pursuant to the rule, there are two ways in which the certified record may be supplemented after it is transmitted to this court. First, if something is omitted from the certified record by error, breakdown in processes of the court, or accident, the parties may stipulate to such supplementation. In this case, the parties did not stipulate to supplementation of the certified record. Hence, the requirements of Rule 1926(b)(2) were not satisfied.

The second manner by which a certified record may be supplemented requires that: (1) something is omitted from the certified record by error, breakdown in processes of the court, or accident; (2) (a) this Court, either *sua sponte* or in response to an application, orders supplementation of the certified record or (b) the trial court, either *sua sponte* or in response to a motion, directs supplementation of the certified record. **See** Pa.R.A.P. 1926(b)(1). For the reasons set forth below, I conclude that the first requirement for supplementation of the record under Rule 1926(b)(1) was not satisfied.

The phrase "error, breakdown in processes of the court, or accident" excludes the situation present in this case, *i.e.*, the Onoratos' failure to comply with Pennsylvania Rule of Appellate Procedure 1911(a). Rule 1911(a) provides that, "The appellant shall request any transcript required under this chapter[.]" Pa.R.A.P. 1911(a). The transcript request must be made at the time the notice of appeal is filed. Pa.R.A.P. 904(c). Failure to comply with Rule 1911(a) results in waiver. **See** Pa.R.A.P. 1911(d). In this case, the

transcript request was not filed until months after the required date –
presumably after Appellees' brief was filed. *Cf.* Pa.R.J.A. 4011(A) (requiring
court reporter to file transcript within 14 days of receiving transcript request).

This was not an "error, breakdown in processes of the court, or
accident." Pa.R.A.P. 1926(b). It was not a breakdown in the processes of the
court because no transcription request was filed with the notice of appeal. It
was not an accident because the Onoratos were on notice, since the filing of
the trial court opinion, that the transcript was not ordered.[2] It also was not
an error. Under the canon of construction *noscitur a sociis*, a word in a series
must be interpreted in light of the other words in that series. **See
Commonwealth v. Null**, 186 A.3d 424, 432 (Pa. Super. 2018) (citation
omitted). The other two words in the series indicate that Rule 1926(b) covers
situations where the certified record is incomplete because of an unintentional
act. Deliberate indifference to the requirements of the appellate rules is not
unintentional – it is an intentional decision.

Moreover, construing the appellate rules in a manner that would permit
consideration of the July 13, 2017 transcript would harm our judicial process.
Appellants could deliberately delay requesting necessary transcripts and/or
delay in ensuring certain documents are included in the certified record until

---

[2] They were also on notice when the list of documents in the certified record
was sent to them pursuant to Pennsylvania Rule of Appellate Procedure
1931(d).

after the appellee files its brief. The appellant could then use its reply brief to argue that the relevant transcript and/or document was included in the certified record and should be considered by this Court. I decline to interpret Rule 1926(b) in a manner that would incentivize such behavior.

Without considering the stipulations made at the July 13, 2017 argument, it is impossible to determine if the trial court correctly granted Appellees' motion for judgment on the pleadings with respect to the legal malpractice claims brought by the Onoratos. Hence, I would find that the Onoratos waived this argument by failing to comply with Rules 904(c) and 1911(a). *See* Pa.R.A.P. 1911(d).

Based on the foregoing analysis, I would affirm the trial court's order on different grounds. Accordingly, I respectfully concur only in the judgment.

President Judge Emeritus Stevens concurs in the result.