J-S34022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SETH R. BLACKMAN, JR. | : | |
| | : | |
| Appellant | : | No. 1308 WDA 2021 |

Appeal from the PCRA Order Entered October 4, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0002933-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SETH R. BLACKMAN, JR. | : | |
| | : | |
| Appellant | : | No. 1309 WDA 2021 |

Appeal from the PCRA Order Entered October 4, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0003386-2019

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.: **FILED: DECEMBER 7, 2022**

---

* Retired Senior Judge assigned to the Superior Court.

Seth R. Blackman, Jr. (Appellant), appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.[1]

The PCRA court summarized the procedural history as follows:

On July 2[9], 2020, Appellant … entered a general plea of guilty at two petitions. At CP-02-CR-03386-2019, Appellant pled guilty to one count each of Possession of Firearm Prohibited, Receiving Stolen Property, Possessing a Firearm without a License, Resisting Arrest, Escape, and Possession of Marijuana.[FN1] At CP-02-CR-02933-2019, Appellant pled [guilty] to one count each of Possession of a Firearm Prohibited, Possessing a Firearm Without a License; two counts of Possession of a Controlled Substance, and one count each of Resisting Arrest, False Identification to Law Enforcement Officer, and Possession of Marijuana.[FN2] [The trial c]ourt sentenced Appellant to 6-12 years' incarceration in the aggregate on these charges and further sentenced him to a consecutive 3-6 years for a probation violation. Appellant did not file a direct appeal.[2]

[FN1] 18 Pa.C.S. §§ 6105(a)(1), 3925(a), 6106(a) (1), 5104, 5121(a), and 35 [P.S.] § 780-113(a)(31), respectively.

[FN2] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 35 [P.S.] § 780-113(a)(16), 18 Pa.C.S.[A.] § 5104, 18 Pa.C.S.

---

[1] Appellant complied with the Pennsylvania Supreme Court's directive in **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."). On December 23, 2021, this Court consolidated the appeals *sua sponte*.

[2] The record indicates that on August 7, 2020, Appellant obtained new counsel, who filed a motion to reconsider sentence. There is no order disposing of the motion on the docket or in the record, although new counsel at the PCRA hearing stated that the trial court "did eliminate a consecutive three-year [sentence of] probation, but the court would not change the incarceration." N.T., 9/27/21, at 4-5. The record also reflects that the PCRA court responded to a claim in Appellant's amended PCRA petition and issued an order awarding Appellant credit for time served. Order, 11/3/21, at 1 (unnumbered).

> §§ 4914, 5121(a), and 35 [P.S.] § 780-113(a)(31), respectively.
>
> Instead, Appellant filed a *pro se* "APPEAL: INEFFECTIVE ASSISTANCE OF COUNSEL," on October [7], 2020. [The PCRA c]ourt appointed counsel, who filed an amended PCRA Petition on March 26, 2021. [The PCRA c]ourt held a hearing on the Petition on September 27, 2021, and on October 4, 2021, dismissed the Petition. Appellant filed a Notice of Appeal on November 3, 2021, and a Concise Statement of Errors Complained of on Appeal on November 23, 2021.

PCRA Court Opinion, 12/14/21, at 2 (two footnotes in original, one footnote added).

Appellant's counsel failed to file an appellate brief. Consequently, this Court issued an order remanding the case for the PCRA court to determine whether

> counsel has abandoned Appellant and to take further action as required to protect Appellant's right to appeal. The [PCRA] court shall notify this Court, in writing, within the 30-day period, of all findings and actions taken thereon. **JURISDICTION IS RETAINED.**

Order, 3/21/22, at 1 (emphasis in original).

On March 28, 2022, while this appeal was pending, PCRA counsel filed a second PCRA petition entitled "POST CONVICTION RELIEF ACT PETITION TO REINSTATE APPEAL *NUNC PRO TUNC*." That same day, the PCRA court entered an order granting the petition and reinstating Appellant's **appeal**

**rights** *nunc pro tunc*.[3] Appellant did not file a new notice of appeal. By correspondence dated April 13, 2022, the PCRA court advised this Court that PCRA counsel had not abandoned Appellant. Letter, 4/13/22, at 1. On July 11, 2022, Appellant's counsel filed an appellate brief. The Commonwealth thereafter responded.

On appeal, Appellant raises the following issues:

I. Did the [trial c]ourt fail to explain each of the elements of the crimes to which [Appellant] pled guilty?

II. Specifically, did the [trial c]ourt fail to explain to [Appellant] that the Escape charge (18 Pa.C.S. § 5121(a)) required that [Appellant] removed himself or fail [*sic*] to return from **official detention**, which he was never subject to before he was arrested for, *inter alia*, Escape?

III. Was the Guilty Plea Colloquy completed by counsel outside of [Appellant's] presence?

IV. Did [Appellant] enter a guilty plea without an understanding of the nature of the charges to which he was pleading, his plea was entered unintelligently, involuntarily and unknowingly in violation [of the] Due Process Clauses of the Pennsylvania and U.S. Constitutions?

V. Was [Appellant] never specifically informed that part of the offered plea deal included dropping certain charges; instead, [Appellant] was merely informed of the period of incarceration offered by the prosecutor?

_____

[3] In the petition, PCRA counsel argues Appellant "should not be deprived of his appellate rights because of what amounts to a clerical error made by his counsel that led to an admittedly greater error." PCRA Petition, 3/28/22, at 6. However, this Court did not dismiss the appeal of Appellant's amended PCRA petition. We remanded for clarification of counsel's status. The PCRA court, nevertheless, entered an order reinstating Appellant's appeal rights, *nunc pro tunc*.

Appellant's Brief at 5 (emphasis in original).

Prior to addressing the merits of Appellant's issues, we examine whether the issues are properly before us. Appellant timely filed his *pro se* PCRA petition alleging ineffective assistance of plea counsel, which did not seek reinstatement of his direct appeal rights. *Pro Se* PCRA Petition, 10/7/20, at 1-2 (unnumbered).[4] In his counseled, <u>amended</u> PCRA petition, Appellant expanded on his *pro se* claims of ineffective assistance of plea counsel, but did not seek reinstatement of his direct appeal rights. Amended PCRA Petition, 3/26/21, at 4-20.[5]

_____

[4] Appellant raised eight issues in his *pro se* petition, which he entitled "Appeal: Ineffective Assistance of Counsel." *Pro Se* PCRA Petition, 10/7/20, at 1-2 (unnumbered). He claimed the ineffective assistance of counsel. *Id.* In part, Appellant asserted, "[t]he Appellant was not properly represented by counsel[.]" *Id.* at 1 ¶ 1. He further claims, "[A]ppellant took his plea not voluntarily, intelligently, and knowingly[;] …. [A]ppellant was under the impression his was going to be release[d] to JRS[;] … he was promised this by his counsel[.]" *Id.* at 1 ¶ 2. He also claims he did not "fill[] out" the plea paperwork but received it completed by counsel. *Id.* at ¶ 3. "[A]ppellant had information withheld from him by his counsel[.]" *Id.* at 2 ¶ 5. "[Counsel] seemed to be under the influence of a drug substance of some sort" during Appellant's plea proceedings. *Id.* at 2 ¶ 7. Lastly, Appellant claimed he was "not properly represented … [because counsel] committed legal malpractice against [A]ppellant[.]" *Id.* at 2 ¶ 8.

[5] In his amended PCRA petition, Appellant again raised claims of ineffective assistance of trial/plea counsel. Amended PCRA Petition, 3/26/21, at 4-20. He contended, "[t]rial counsel was ineffective for failing to ensure petitioner received credit for time served." *Id.* at 4. He also maintained, "Trial counsel was ineffective for failing to correct a defective guilty plea colloquy." *Id.* at 6. The first three issues raised in the instant appeal are presented in the amended PCRA petition as subheadings demonstrating the bases for his ineffectiveness claims, and as examples of counsel's alleged ineffectiveness. **See id.** at 6-17.

After counsel failed to file an appellate brief, this Court remanded to the PCRA court and retained jurisdiction. We remanded solely for the PCRA court to determine whether counsel had abandoned Appellant. Order, 3/21/22. Despite this Court expressly stating that it was retaining jurisdiction, counsel filed a second PCRA petition. *See* PCRA Petition, 3/28/22, at 2-6. Appellant titled this petition: "Post-Conviction Relief Act Petition to Reinstate Appeal Rights *Nunc Pro Tunc*." ***Id.*** (caption).

The Pennsylvania Supreme Court has held that a second or subsequent PCRA petition cannot be filed until "the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000), ***overruled on other grounds***, ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020); ***but see Commonwealth v. Porter***, 35 A.3d 4 (Pa. 2012) (PCRA court may consider second or subsequent PCRA petition where first petition has been held in abeyance at request of petitioner and case is not on appeal). Thus, Appellant's second PCRA petition was improper, as the PCRA court had dismissed Appellant's first PCRA petition, and the appeal therefrom presently is before this Court. ***See*** Second PCRA Petition, 3/28/22, ¶¶ 7-8 (recognizing, "By Order dated October 4, 2021, the [first] Petition was **denied and dismissed**. … [Appellant] timely filed [a] notice of appeal on November 3, 2021." (emphasis added)).

- 6 -

In addition, the PCRA court exceeded the scope of remand by entering its March 28, 2022, order purportedly granting Appellant's petition to reinstate his appeal, *nunc pro tunc*. It is well settled that following remand, a lower court must strictly comply with this Court's mandate. **See Commonwealth v. Null**, 186 A.3d 424, 429 (Pa. Super. 2018); **see also Gocek v. Gocek**, 612 A.2d 1004, 1009 n.7 (Pa. Super. 1992) ("on remand, the scope of inquiry should not exceed the perimeters set forth herein"). Appellant's appeal of the denial of relief on his first PCRA petition remains before us for review. Nevertheless, we may only consider issues raised by Appellant in his *pro se* and amended PCRA petitions, namely claims of ineffective assistance of counsel.

We note Appellant waived any direct challenge to the validity of his guilty plea because he did not object during the plea colloquy or file a motion to withdraw his plea within 10 days of sentencing. **See** N.T., 7/29/20, at 2-41; Motion to Reconsider Sentence, 8/7/20, at 2-4. **See also Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea … must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." (citations omitted)); Pa.R.Crim.P. 720(B)(1)(a)(i). Further, Appellant's first three and one-half issues are also subject to waiver because Appellant could have raised them on direct appeal but did not. See 42 Pa.C.S.A. § 9544(b)

("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction [sic] proceeding."). Thus, we are precluded from considering Appellant's first three issues and part of his fourth issue.

In his fourth and his fifth issues, Appellant argues that plea counsel was ineffective. Appellant's Brief at 25-33. We disagree.

> Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Maxwell*, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (citations and quotation marks omitted). A "PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." *Commonwealth v. Williams*, 141 A.3d 440, 452 (Pa. 2016).

For a PCRA petitioner to obtain relief on an ineffectiveness claim, he must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111, 1127 (Pa. 2011) (employing

ineffective assistance of counsel test from ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975-76 (Pa. 1987)). Counsel is presumed to have rendered effective assistance. Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the ***Pierce*** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015).

Appellant alleges plea counsel was ineffective for not objecting to the trial court's failure to explain the elements of each offense during Appellant's oral plea colloquy. Appellant's Brief at 26. He also claims plea counsel rendered ineffective assistance by failing to inform him that the Commonwealth's negotiated plea offer included the dropping of charges and a prescribed sentence. ***Id.*** at 27.

The Pennsylvania Supreme Court has explained:

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

***Commonwealth v. Allen***, 732 A.2d 582, 587 (Pa. 1999) (citations omitted).

A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.

* * *

Our Supreme Court has repeatedly stressed that where the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea. Whether notice of the nature of the charges has been adequately imparted may be determined from the totality of the circumstances attendant upon the plea.

\* \* \*

Further supporting these precepts is the following comment to Pa.R.Crim.P. 590:

It is advisable that the judge conduct the examination of the defendant. However, paragraph (A) does not prevent defense counsel or the attorney for the Commonwealth from conducting part or all of the examination of the defendant, as permitted by the judge. In addition, nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings. This written colloquy would have to be supplemented by some on-the-record oral examination. Its use would not, of course, change any other requirements of law, including these rules, regarding the prerequisites of a valid guilty plea or plea of *nolo contendere*.

To summarize, whether a defendant is aware of the nature of the offenses depends on the totality of the circumstances, and a plea will not be invalidated premised solely on the plea court's failure to outline the elements of the crimes at the oral colloquy.

*Commonwealth v. Morrison*, 878 A.2d 102, 107–09 (Pa. Super. 2005) (citations omitted).

The record reflects that during the oral guilty plea colloquy, the trial court asked Appellant whether plea counsel had explained the nature of the charges and the elements of the offenses; Appellant answered "yes." N.T.,

7/29/20, at 19. Appellant also completed a written plea colloquy in which he agreed that plea counsel "discussed … the elements of each offense" and "the factual basis of each charged offense." Written Guilty Plea Colloquy, 7/29/20, at 2. At the PCRA hearing, plea counsel testified that he discussed the elements of each offense with Appellant, and the PCRA court credited this testimony. N.T. 9/27/21, at 15, 112. Furthermore, Appellant is bound by the affirmations he made under oath at the guilty plea hearing. **See Commonwealth v. Willis**, 68 A.3d 997, 1009 (Pa. Super. 2013) ("Appellant is bound by these statements, which he made in open court while under oath, and he may not now assert grounds for withdrawing the plea which contradict the statements."). Finally, the record contains the criminal informations which define and describe the elements of each offense. Appellant conceded at the PCRA hearing that he received this information prior to entering his guilty plea. N.T., 9/27/21, at 93. If Appellant did not understand the elements of the offenses, he could have inquired at the plea hearing, but did not. In sum, plea counsel was not ineffective for failing to raise a meritless objection at the plea hearing.

Appellant's claim that plea counsel was ineffective for failing to explain that the Commonwealth's plea offer of 6 - 12 years in prison included the dropping of charges, specifically the escape charge, is equally unavailing. **See** Appellant's Brief at 27-33. Assuming, *arguendo*, that counsel did not communicate this information, Appellant has not shown that counsel's alleged

failure caused him to reject the offer. At the PCRA hearing, both plea counsel and Appellant testified that Appellant was unwilling to accept any plea offer that included state prison time. N.T., 9/27/21, at 12-16, 20-22, 63, 69. The record also reflects that the trial court did not sentence Appellant on the escape charge; indeed, the trial court imposed the same sentence originally offered by the Commonwealth. *See* N.T., 7/29/20, at 38-40; N.T., 9/27/21, at 48, 74, 111.

Appellant contends he was prejudiced by counsel's ineffectiveness because he pled guilty to escape, which resulted in a higher prisoner classification. *See* N.T., 9/27/21, at 73-78; Appellant's Brief at 30-33. Appellant provides no factual support or legal authority in support of his claim. *See id.* The Supreme Court has held: "[A] defendant's lack of knowledge of collateral consequences of the entry of a guilty plea does not undermine the validity of the plea, and counsel is therefore not constitutionally ineffective for failure to advise a defendant of the collateral consequences of a guilty plea." *Commonwealth v. Abraham*, 62 A.3d 343, 350 (Pa. 2012) (citation omitted).

Here, the record reveals that Appellant chose to enter a general guilty plea. N.T., 9/27/21, at 20. Appellant did so because he believed he "could get a county sentence [from the trial] court." *Id.* at 22; *see also id.* at 63, 69, 91. He was mistaken. The PCRA court determined that Appellant's guilty plea was knowing and voluntary. *See* PCRA Court Opinion, 12/14/21, at 3-5.

Upon review, the PCRA court's dismissal of Appellant's PCRA petition is supported by the record and free of legal error.

Order affirmed.

Judge Dubow joins the memorandum.

Judge Pellegrini files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/07/2022