J-S15039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL RASHEAD JOHNSON | : | |
| | : | |
| Appellant | : | No. 1493 MDA 2021 |

Appeal from the PCRA Order Entered August 12, 2021
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0003973-2008

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

DISSENTING MEMORANDUM BY SULLIVAN, J.: **FILED NOVEMBER 07, 2024**

In what it views as an attempt to rectify delays in this case attributable to the PCRA court, defense counsel, and this Court - the Majority arrogates to itself the power to grant Johnson a new trial on ineffective assistance of trial counsel grounds.  We do not have the authority to short-circuit the means by which relief may be granted in this PCRA claim.  This Court granted Johnson the remand he requested in his application in accord with **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), and permitted him to assert claims of ineffectiveness of **PCRA counsel**, including the alleged failure to raise **Brady** claims.  However, this Court inexplicably **retained** jurisdiction and ordered the PCRA court to issue findings of fact and conclusions of law concerning the claims in the application.  **See** Application, 6/17/22, at 8-9; Order, 7/20/22.  Upon remand, however, the PCRA court did not make findings of fact or conclusions of law concerning Johnson's **Brady** claims and exceeded the scope

of the remand order, limited to determining initial PCRA counsel's ineffectiveness, by assessing the ineffectiveness of **trial counsel and direct appeal counsel** without a PCRA petition asserting those claims, and then recommended the grant of a new trial. **See** Findings of Fact and Conclusions of Law, 12/13/22, at 31.

The Majority accepts the PCRA Court's recommendation of a new trial; however, we do not have the authority to do so in this case for several reasons: 1) a **Bradley** remand and the order in this case limited the PCRA court's role to determining **prior PCRA counsel's** ineffectiveness; 2) the PCRA court failed to make factual findings or conclusions of law concerning a series of PCRA claims (the **Brady**-related claims) that were part of the application and the order, and 3) the PCRA court did not act upon a properly-filed PCRA petition, despite PCRA counsel's request to be permitted to file one upon remand. **See** Order, 7/20/22; Application for Remand, 6/17/22. We cannot adopt a suggestion to grant a new trial absent a proper determination of **direct appeal and trial counsels'** ineffectiveness asserted in a PCRA petition, especially where the application did not seek a new trial and neither **Bradley** nor the order here authorized the PCRA court to reach those claims. Thus, I respectfully dissent.

In **Bradley**, the Supreme Court recognized that given the limits of the time bar, a PCRA petitioner is likely to have the opportunity to file only one timely PCRA petition. **See Bradley**, 261 A.3d at 391. The Court also recognized that a petitioner has a rule-based right to effective assistance of

- 2 -

counsel on a first PCRA petition. *See id*. at 391, 401. However, prior to *Bradley*, there was no avenue for a petitioner to assert the ineffectiveness of the counsel representing him on that PCRA petition. To effectuate the petitioner's right to effective PCRA counsel, *Bradley* held a petitioner may assert the ineffectiveness of PCRA counsel at the first opportunity to do so, even on appeal. *See id*. at 401. *Bradley* stated that in some cases the record may be sufficient to allow this Court to dispose of "any newly-raised ineffectiveness claims," but envisioned that in some cases a remand to the PCRA court might be required for further development of the record and for the PCRA court to determine the newly-raised claims. *See id*. at 402.

*Bradley*'s holding is limited to the ineffectiveness of PCRA counsel and does not state or suggest that a PCRA court on remand can simultaneously also entertain the ineffectiveness of trial and direct appeal counsel. Even if *Bradley* permitted that assessment, the remand order in this case specifically limited the PCRA court's role to assessing "the ineffectiveness claims raised in the application," *see* Order, 7/20/22, and the application specifically sought "to raise claims alleging *the ineffectiveness of initial PCRA counsel.*" *See* Application at 1 (capitalization removed, emphasis added). Plainly, both

*Bradley* and our Order limited the PCRA court's review to a determination of the ineffectiveness of initial PCRA counsel.[1]

The relevant procedural facts are as follows: On or around May 31, 2022, Attorney Weisenberger filed an appellate brief in this Court, presumably challenging the PCRA court's denial of relief on *Brady* grounds.[2] While a PCRA appeal was before this Court but before reply briefs or arguments on the matter, on June 17, 2022, current counsel, Daniel Silverman, Esquire, entered his appearance, and via application/motion sought a remand to the PCRA court pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), to raise claims alleging ineffective assistance of PCRA counsel for failing to raise additional/expanded *Brady* claims and a series of additional jury instruction claims. *See Application*, 6/17/22, at 5-6. Counsel requested this Court remand pursuant to *Bradley*, "with directions that [Johnson] be permitted to raise in an amended PCRA petition the aforementioned claims alleging *PCRA*

_____

[1] This Court's retention of jurisdiction appears to have created confusion about what the PCRA court was empowered to do *after* it found initial PCRA counsel ineffective. The order may have been intended to subject that determination to appellate review upon the Commonwealth's appeal. Alternatively, it may have been intended to authorize the PCRA court to permit Johnson the opportunity to file a renewed PCRA petition, with new PCRA counsel presumably averring the ineffectiveness of trial counsel and direct appeal counsel, and then for the PCRA court to adjudicate the merits of that petition.

[2] On June 18, 2022, on Johnson's motion, this Court struck Attorney Weisenberger's brief. No copy of it exists in the certified record, and this Court never reviewed the PCRA appeal filed by Weisenberger, which was limited to *Brady* claims.

*counsel's ineffective assistance* and that the PCRA court consider them and order an evidentiary hearing if warranted." **See** Johnson's Application, 6/17/22, at 9 (emphasis added). The next day, June 18, 2022, Counsel filed an "application to strike" Attorney Weisenberger's appellate brief that was currently before this Court for consideration, and again requested this Court "grant the Application for Remand with instructions that [Johnson] file an **amended petition** raising the claims he has identified and directing **the PCRA court to consider those claims** in due course." **See** Appellant's Motion to Strike Brief, 6/18/22, at 5 (emphasis added). Essentially, these applications/motions requested an opportunity to redo the PCRA process: 1) they sought to strike the appellate brief before this Court challenging the denial of PCRA relief, 2) permission to file a new PCRA petition "alleging PCRA counsel's ineffective assistance" for failing to bring several additional PCRA claims, and 3) to allow the PCRA court to determine under **Bradley** that PCRA counsel (both initial and appellate counsel) were ineffective. Current counsel's application was clearly limited to **PCRA counsels'** ineffectiveness. The application **did not** request a determination on ineffectiveness of trial or direct appeal counsel and/or seek the grant of a new trial. **See** Johnson's Application, 6/17/22, at 4-7.

On July 20, 2022, for reasons unknown, this Court granted both the application for remand and the petition to strike but retained jurisdiction over the matter. **See** Order, 7/20/22. In so doing, this Court struck the filings

that invested it with jurisdiction over the appeal of the initial PCRA petition yet retained jurisdiction over what was potentially a new PCRA proceeding on remand. Furthermore, this Court's instructions in its remand Order were unclear to the PCRA court and did not expressly allow the filing of a new PCRA petition as requested in PCRA counsel's application. **See** Application, 6/17/22, at 1,4, 9. Likewise, the PCRA court was either confused or not made aware that this Court struck Attorney Weisenberger's previous brief containing the **Brady** claim(s) , and the PCRA court on remand refused to consider the **Brady** claims, erroneously noting "that issue [**Brady** claims] is currently on appeal with the Superior Court and is currently stayed." **See** Findings of Fact and Conclusions of Law 12/13/22, at 30.

On remand, a new PCRA petition was not filed (as requested), the PCRA court held a hearing purportedly based on **Bradley,** but instead of limiting its review to the ineffective assistance of PCRA counsel as requested, made recommendations purporting to determine not only the ineffectiveness of PCRA counsel but offering conclusory statements regarding **trial and direct appeal counsels'** ineffectiveness, and suggesting relief inconsistent with a review limited to PCRA counsel's ineffectiveness pursuant to **Bradley**. Thus, the PCRA court did not adhere to its limited charge to determine whether **PCRA counsel** were ineffective under **Bradley** and ordering proper relief consistent with that finding. The PCRA court instead punted the application of **any** relief and suggested this Court order a new trial. Furthermore, it

refused to consider whether PCRA counsel were ineffective regarding Johnson's *Brady* claims. Essentially, the PCRA court made determinations it was not authorized to make on remand, entirely failed to make determinations on other claims it should have, and sent the findings and recommendations to this Court for substantive review and application. Unfortunately, in the instant matter, the PCRA court conflated the procedure and instead of solely determining the merits of the *Bradley* claim, *i.e.*, the ineffectiveness of PCRA counsel it suggested granting a new trial.[3]

It is regrettable that so much time has been expended unnecessarily but we are not free to act on the PCRA court's recommendations, to adopt findings of fact and conclusions of law, or to ignore the fact that the PCRA court failed to adjudicate his ineffective assistance claims relating to *Brady*.

We cannot grant a new trial on the PCRA court's "recommendation." Under *Bradley*, the Application for Remand, and our Order remanding the instant matter, the PCRA court was limited to reviewing PCRA counsel's alleged ineffectiveness. The grant of a new trial requires a determination of **trial counsel and direct appeal counsels'** ineffectiveness, which was not before the PCRA court. **See Bradley**, 261 A.3d at 385, 391, 394-395, 397,

_____

[3] Had the court first adjudicated the *Bradley* claim, found its assertions of PCRA counsel had merit, and permitted the filing of a new PCRA petition, it would have been free to adjudicate that petition, assess direct appeal and trial counsels' alleged ineffectiveness, and **order** a new trial if it believe that remedy was warranted.

399, 401. Furthermore, the PCRA court's recommendation of a new trial also exceeded the scope of this Court's July 20, 2022 remand order, which directed the PCRA court to make findings of fact and conclusions of law, *see* Order 7/20/22; ***Commonwealth v. Null***, 186 A.3d 424, 429 (Pa. Super. 2018) (stating that on remand, a court must "strictly comply with this Court's mandate"), and clearly exceeded ***Johnson's Application's request*** for permission to file a new PCRA petition. Having concluded some of the claims of initial PCRA counsel's ineffectiveness had merit, the PCRA court should have directed Counsel to file a new PCRA petition so that trial and direct appeal counsels' ineffectiveness could have been reviewed. ***See*** Pa.R.Crim.P. 901.[4] Notwithstanding any confusion this Court's remand order created, the PCRA court was certainly not directed to make conclusions of law that implicated ***trial and direct appeal counsels'*** ineffectiveness.

Given this tangled and regrettable history, the clear fact remains that the PCRA court also did not address the ***Brady*** claims that were part of the basis of instant counsel's remand application. Accordingly, we do not have

---

[4] I disagree with the Majority's suggestion that the remedy for the Gordian knot that is the procedural history of this case is simply to "deem the petition to have been amended to raise the claims we remanded for the PCRA court to adjudicate," ***see*** Majority at 8-9, in the purported interest of "judicial economy," ***see id***. at 8. Far more is at stake than judicial economy where the Majority's purported remedy ignores the fact some PCRA claims have not been addressed and makes factual findings concerning trial counsel and direct appeal counsels' ineffectiveness that are outside ***Bradley***'s scope.

before us an order that addresses all of Johnson's claims, and the "recommendation" we do have exceeds the PCRA court's scope of review.

I continue to believe the most efficient remedy in this too-long litigated case is for this Court to accept the PCRA court's assessment that prior **PCRA counsel** were ineffective, and remand to give current PCRA counsel the relief he originally requested: order PCRA Counsel to file an amended PCRA petition asserting all claims of trial counsel and direct appeal counsel's ineffectiveness Johnson wishes to raise including, but not limited to, ineffective assistance concerning jury instructions, and any after-discovered evidence or **Brady** claims. This remedy fully comports with our role as an intermediate appellate court, and is consistent with our main function: to correct errors and abuses of discretion made by the trial courts. **See N.W.M. Through J.M. v. Langenbach**, 316 A.3d 7, 22 (Pa. 2024).

The Majority recognizes that this Court erred when it retained jurisdiction on remand. **See** Majority Opinion at 7-8. However, it states for the sake of judicial economy "we will regard as done that **which ought to have been done." Id.** at 8-9. For substantive jurisprudential reasons, I believe such a legal fiction is untenable. Nothing in **Bradley** or this Court's remand order authorized the PCRA court to reach the underlying ineffectiveness claims without the initial determination of PCRA counsel's ineffectiveness. The PCRA court has already assessed **PCRA counsel's** ineffectiveness. Accordingly, we should remand this matter to the PCRA court to make that determination,

consider the **Brady** claim(s) and according to PCRA procedure, allow current PCRA counsel to file a new PCRA petition, and, if the PCRA court so chooses, conduct additional evidentiary hearings concerning **trial and direct appeal counsels'** ineffectiveness, in addition to the record already created on remand.  For these reasons, I respectfully dissent.