J-S41022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :            PENNSYLVANIA
                                     :
             v.                       :
                                     :
                                     :
REINALDO FANTAUZZI            :
                                     :
            Appellant            :     No. 618 EDA 2024

Appeal from the Judgment of Sentence Entered December 19, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0003898-2005

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:                     **FILED FEBRUARY 13, 2025**

Appellant, Reinaldo Fantauzzi, appeals from the judgment of sentence entered in the Northampton County Court of Common Pleas, following this Court's remand decision in ***Commonwealth v. Fantauzzi***, 275 A.3d 986 (Pa.Super. 2022), *appeal denied*, ___ Pa. ___, 289 A.3d 41 (2022). We affirm and grant counsel's petition to withdraw.

This Court has previously set forth the relevant facts and procedural history of this case as follows:

> [O]n July 12, 2006, a jury convicted [Appellant] of criminal attempt to commit homicide (2 counts), aggravated assault (4 counts), recklessly endangering another person (4 counts), persons not to possess firearms (1 count), and firearms not to be carried without a license (1 count). …
>
>                     \*     \*     \*
>
> The trial court imposed an aggregate sentence of 28 to 56 years' incarceration on September 14, 2006. This Court

affirmed [Appellant's] judgment of sentence on August 15, 2007, and our Supreme Court subsequently denied [Appellant's] petition for allowance of appeal.

On February 13, 2008, [Appellant] filed a *pro se* petition pursuant to the PCRA. The PCRA court denied [Appellant's] petition on December 1, 2008. This Court affirmed the order denying [Appellant's] petition on January 13, 2010.

On July 3, 2014, [Appellant] filed *pro se* a petition for writ of *habeas corpus*. …

Upon its filing, the PCRA court treated [Appellant's] petition for writ of *habeas corpus* as a PCRA petition. … The PCRA court subsequently appointed PCRA counsel to represent [Appellant]. On November 5, 2014, the PCRA court ordered [that Appellant have 30 days to file a petition *nunc pro tunc* for reconsideration of sentence and supporting brief; thereafter, the Commonwealth would have 30 days to file a responsive brief].

On November 12, 2014, [Appellant] filed a motion to correct illegal sentence and *nunc pro tunc* motion to modify sentence ("motion to correct illegal sentence"), asserting, *inter alia*, that [Appellant's] sentence was illegal because the trial court imposed mandatory minimum sentences pursuant to 42 Pa.C.S.A. § 9712, which was subsequently declared unconstitutional. That same day, [Appellant's] counsel and the Commonwealth jointly filed a "stipulation of the parties" that read, in part, as follows: "[Appellant's] counsel would like to list this motion to correct illegal sentence as a motion to modify sentence rather than a PCRA hearing." On January 30, 2015, the PCRA court conducted a status conference on [Appellant's] motion to correct illegal sentence. At the conclusion of the status conference, the PCRA court, upon being presented with a petition for writ of *habeas corpus ad prosequendum* by the Commonwealth, entered a decree that [Appellant] be present for a hearing on February 20, 2015.

At the February 20, 2015 hearing, the PCRA court stated [that it was conducting a hearing on Appellant's motion to correct illegal sentence].

*　　*　　*

[At the conclusion of the hearing,] the PCRA court vacated the September 14, 2006 judgment of sentence and granted [Appellant] relief in the form of a re-sentencing hearing.

At the conclusion of the re-sentencing hearing, the trial court imposed an aggregate sentence of 28 to 56 years' incarceration[, which was the same aggregate sentence as the sentence originally imposed, but without any mandatory minimum sentence].  On February 27, 2015, [Appellant] filed a post-sentence motion requesting the trial court reconsider its judgment of sentence.  The trial court subsequently denied [Appellant's] post-sentence motion on March 2, 2015.

On appeal, this Court affirmed [Appellant's] February 20, 2015 judgment of sentence.  [Appellant] did not seek discretionary review by our Supreme Court.

On May 4, 2017, [Appellant] filed *pro se* a PCRA petition asserting, *inter alia*, a claim of ineffective assistance of trial counsel and a claim asserting the imposition of a sentence greater than the lawful maximum.  That same day, [Appellant] also filed *pro se* a memorandum in support of his PCRA petition.  The PCRA court appointed counsel to represent [Appellant].  Thereafter, [Appellant] filed a petition requesting that he be permitted to proceed *pro se* in seeking collateral relief, which the PCRA [court] subsequently granted after conducting a **Grazier**[1] hearing.

On September 11, 2017, [Appellant] filed *pro se* an amended PCRA petition asserting numerous claims of ineffective assistance of counsel.  On November 8, 2017, the PCRA court denied [Appellant's] petition.  On appeal, [Appellant] raised claims of ineffective assistance of re-sentencing counsel….

[Upon review], this Court concluded that [Appellant's] sentence of 15 to 30 years' incarceration for one count of criminal attempt to commit homicide—serious bodily injury

_____

[1] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

constituted an illegal sentence because the re-sentencing court was not permitted to impose an enhanced sentence under 18 Pa.C.S.A. § 1102(c), absent a finding by a jury of serious bodily injury resulting from the criminal attempt to commit homicide, which the jury did not find at the conclusion of [Appellant's] trial. …

This Court vacated [Appellant's] February 20, 2015 judgment of sentence and remanded the case so the trial court could re-sentence [Appellant] without the criminal attempt to commit homicide enhancement pursuant to Section 1102(c). Our Supreme Court denied [Appellant's] petition for allowance of appeal on February 2, 2020.

On November 9, 2020, the trial court re-sentenced [Appellant] to an aggregate 23 to 46 years' incarceration. On November 19, 2020, [Appellant] filed a post-sentence motion to modify his sentence. That same day, the Commonwealth filed a motion to modify [Appellant's] sentence pursuant to Pa.R.Crim.P. 721 asserting that the trial court lacked jurisdiction to re-sentence [Appellant] in February 2015 and, therefore, all subsequent matters in this case were null and void. … On January 28, 2021, the trial court denied [Appellant's] post-sentence motion and denied the Commonwealth's motion to modify the sentence.

On March 1, 2021, both the Commonwealth and [Appellant] appealed from the November 9, 2020 judgment of sentence as made final by the January 28, 2021 order denying their respective motions. …

*Fantauzzi, supra* at 988-993 (internal citations and footnotes omitted).

On appeal, this Court held that Appellant's July 3, 2014 petition for writ of *habeas corpus* should have been treated as a PCRA petition because Appellant's claim of an illegal sentence was cognizable under the PCRA. This Court explained that Appellant filed the petition for writ of *habeas corpus* more than six years after his judgment of sentence became final, which was patently untimely. Further, this Court stated that Appellant's July 3, 2014 petition

failed to invoke a valid exception to the PCRA time-bar. Thus, the PCRA court lacked jurisdiction to grant Appellant collateral relief in the form of a new sentencing proceeding that ultimately resulted in Appellant's February 20, 2015 judgment of sentence. This Court concluded that Appellant's February 20, 2015 judgment of sentence was null and void *ab initio*, and any orders granting or denying subsequent relief that flowed therefrom were also null and void *ab initio*. Accordingly, this Court vacated the judgment of sentence imposed on November 9, 2020, and remanded for re-imposition of the original sentence imposed by the trial court on September 14, 2006, and affirmed by this Court on August 15, 2007. ***See id.*** at 995-998.

Upon remand, on December 19, 2023, the trial court followed the directives of this Court and re-imposed the original sentence entered on September 14, 2006, of an aggregate term of 28 to 56 years' imprisonment, with credit for time served. Appellant timely filed a post-sentence motion on December 29, 2023, which the court denied on January 18, 2024. Appellant timely filed a notice of appeal on February 15, 2024. On February 19, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Counsel subsequently filed a notice of intent to file a brief pursuant to ***Anders***[2] per Pa.R.A.P. 1925(c)(4).

Preliminarily, appellate counsel seeks to withdraw representation

_____

[2] ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw:

> Neither **Anders** nor **McClendon**[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

---

[3] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361. After confirming that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

Instantly, appellate counsel has filed a petition to withdraw. The petition incorporates the content of the **Anders** brief. Therein, counsel states that, following a conscientious review of the record, counsel determined that the appeal is frivolous. Counsel also served a copy of the petition to Appellant, along with a letter advising him of his right to file a response to counsel's petition as either a *pro se* litigant, or through new counsel.[4] In the **Anders** brief, counsel explains the facts and procedural history of the case, as well as

_____

[4] Following directives from this Court, counsel served Appellant with subsequent correspondence clarifying Appellant's rights on appeal.

- 7 -

counsel's conclusion that the appeal is wholly frivolous.[5]  Therefore, counsel has substantially complied with the requirements set forth in **Anders** and **Santiago**.

Counsel raises the following issue on Appellant's behalf:[6]

Is [Appellant's] appeal frivolous?

(**Anders** Brief at 4).

On appeal, counsel asserts that upon remand from this Court, the trial court was obligated to re-impose Appellant's original sentence from 2006. Counsel contends that the court had no discretion to impose any other sentence.  Consequently, counsel concludes the appeal is frivolous.  We agree with counsel's assertions.

"It is well-settled that following remand, the trial court below must comply strictly with this Court's mandate and has no power to modify, alter, amend, set aside, or in any measure disturb or depart from this Court's decision as to any matter decided on appeal." **Commonwealth v. Null**, 186 A.3d 424, 429 (Pa.Super. 2018).  Here, upon remand, the trial court re-imposed the original aggregate sentence of 28 to 56 years' imprisonment.  In doing so, the court explained: "This [c]ourt exercised no discretion on

_____

[5] We note that counsel has failed to cite relevant legal authority to support his conclusion that the appeal is frivolous.  Nevertheless, as discussed **infra**, we agree with counsel's conclusion.

[6] Appellant has not responded to the **Anders** brief *pro se* or with newly-retained counsel.

imposing sentence. We followed the mandates of the Superior court." (Trial Court Opinion, filed 1/18/24, at 2). We agree with the trial court that it had no discretion to deviate from this Court's remand decision and was obligated to re-impose the original September 14, 2006 sentence.[7] *See Null, supra*. Following an independent review of the record, we agree with counsel that the appeal is frivolous. *See Dempster, supra*; *Palm, supra*. According, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/13/2025

---

[7] We note that in his December 29, 2023 post-sentence motion, Appellant raises various challenges including claims of an illegal sentence. Some of these claims were those that formed the basis of relief in earlier proceedings, which this Court's decision in *Fantauzzi* has now declared null and void. Appellant has already had the benefit of a direct appeal from his original judgment of sentence as well as review of a first PCRA petition, which were undisturbed by this Court's remand decision. Essentially, this Court's remand decision placed Appellant back in the same position he was in before the trial court granted Appellant re-sentencing relief on February 20, 2015, which the court lacked jurisdiction to do. Thus, to the extent Appellant seeks to challenge the legality of his sentence or pursue other claims cognizable under the PCRA, he must file a serial petition in the PCRA court that initially pleads and proves one of the enumerated exceptions to the PCRA's time-bar to invoke the court's jurisdiction to consider such claims.